UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| Lamarr Golston, individually and on behalf of all others similarly situated, | 1:23-cv-00241 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Bumbu Rum Company LLC, | Jury Trial Demanded |
| Defendant | |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. Bumbu Rum Company, LLC ("Defendant") manufactures beverages distilled from sugar cane under the Bumbu Rum Co. brand described as "Original Craft Rum" ("Product").



1

2. The representations are misleading to consumers for multiple reasons.

3. First, the Product is not rum because federal and identical state regulations require this distilled spirit to be "bottled at not less than 40 percent alcohol by volume ("ABV") (80° proof)," and it is only 35 percent ABV or 70° proof. 27 C.F.R. § 5.147(a).[1]

4. Second, the Product does not qualify as rum due to the addition of ingredients, including flavoring materials, which alter its class and type. 27 C.F.R. § 5.155.

5. The Product is closer to a cordial or liqueur because it is believed to contain added sugar and flavorings beyond threshold to qualify under this type of beverage. 27 CFR 5.150(a)

6. However, the description of "rum liqueur" would not be accurate because the significant amount of added vanilla and banana flavoring and sweetening results means its predominant characteristic is no longer rum.

7. The Product is self-described as a "Distilled spirits specialty product[s]," reflected in the smaller less conspicuous text in the middle of the cross on the front label which states, "Rum With Natural Flavors." 27 C.F.R. § 5.156(a)

8. However, this representation is still misleading because it is significantly less prominent than the embossed "Bamboo Rum Co." on the front label and inconsistent with how it is described, as an "Original Craft Rum" and "premium rum," in advertising and point-of-sale displays at Defendant's directions and instructions.

9. According to world-renowned rum distiller Richard Seale, "the rum category is flooded with doctored rums and added sugars and added sherry masquerading as premium rum," which is how the Product is described and marketed to consumers.

---

[1] This State has adopted identical federal regulations to those identified here.

Jurisdiction and Venue

10. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

11. The aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

12. Plaintiff is a citizen of New York.

13. Defendant's member is Sovereign Brands, LLC, whose membership is comprised of persons or entities that are not citizens of New York.

14. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant's members are citizen.

15. The members of the classes Plaintiff seeks to represent are more than 100, because the Product has been sold with the representations described here from thousands of locations including liquor stores, grocery stores, convenience stores, warehouse club stores, big box stores, and/or online, across the States covered by Plaintiff's proposed classes.

16. Venue is in this District with assignment to the Buffalo Division because Plaintiff resides in Niagara County and a substantial part of the events or omissions giving rise to the claims occurred here, including his purchase and use of the Product, and awareness the representations were misleading.

Parties

17. Plaintiff Lamarr Golston is a citizen of Niagara Falls, New York, Niagara County.

18. Defendant Bumbu Rum Company LLC is a Delaware limited liability company with a principal place of business in Highland Park, Lake County, Illinois.

19. Defendant's members consist of persons who are not citizens of New York.

20. Plaintiff purchased the Product on one or more occasions within the statutes of limitations for each cause of action alleged, at one or more stores including Military Liquors in Niagara Falls, between 2022 and 2023, and/or among other times.

21. As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than $35 per 750 mL, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

22. Plaintiff bought the Product at or exceeding the above-referenced price.

23. Plaintiff paid more for the Product than he would have paid had he known it was not rum and that it could more accurately be described and labeled as a cordial or liqueur due to the amounts of added flavoring and sweetening added.

24. The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

25. Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes and/or components.

Class Allegations

26. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following class:

> **New York Class**: All persons in the State of New York who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Arkansas, Kansas, Montana, Nebraska, North Dakota, Oklahoma and Utah who purchased the Product during the statutes of limitations for each cause of action alleged.

27. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled

to damages.

28. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

29. Plaintiff is an adequate representative because his interests do not conflict with other members.

30. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

31. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

32. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

### New York General Business Law ("GBL") §§ 349 and 350

33. Plaintiff incorporates by reference all preceding paragraphs.

34. Plaintiff was unaware the Product was not rum or a premium rum, and that it could more accurately be described and labeled as a cordial or liqueur due to the amounts of added flavoring and sweetening added instead of "rum with natural flavors" which was significantly less conspicuous and prominent than the embossed brand name of Bumbu Rum Co.

35. Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Violation of State Consumer Fraud Acts
### (Consumer Fraud Multi-State Class)

36. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

37.     The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

38.     Defendant intended that members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, which they did, suffering damages.

Breaches of Express Warranty,
Implied Warranty of Merchantability/Fitness for a Particular Purpose and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

39.     The Product was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff and class members that the Product was a premium rum, not a cordial or liqueur due to the amounts of added flavoring and sweetening added nor "rum with natural flavors," which was significantly less conspicuous and prominent than the embossed brand name of Bumbu Rum Co.

40.     Defendant directly marketed the Product to Plaintiff and consumers through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, and targeted digital advertising.

41.     Defendant knew the product attributes that potential customers like Plaintiff were seeking, such as a premium rum, and developed its marketing and labeling to directly meet those needs and desires.

42.     The representations were conveyed in writing and promised the Product would be defect-free, and Plaintiff understood this meant it was a premium rum, not a cordial or liqueur due to the amounts of added flavoring and sweetening added nor "rum with natural flavors," which was significantly less conspicuous and prominent than the embossed brand name of Bumbu Rum Co.

43.     Defendant affirmed and promised that the Product was a premium rum, not a cordial

or liqueur due to the amounts of added flavoring and sweetening added nor "rum with natural flavors," which was significantly less conspicuous and prominent than the embossed brand name of Bumbu Rum Co.

44. Defendant described the Product so Plaintiff and consumers believed it was a premium rum, not a cordial or liqueur due to the amounts of added flavoring and sweetening added nor "rum with natural flavors," which was significantly less conspicuous and prominent than the embossed brand name of Bumbu Rum Co., which became part of the basis of the bargain that it would conform to its affirmation and promises.

45. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

46. This duty is based on Defendant's outsized role in the market for this type of product, custodian of the Bumbu Rum brand, advertised to consumers as a premium rum made in the manner of sailors from the seventeenth century in the Caribbean region.

47. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

48. Plaintiff provided or provides notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's express and implied warranties.

49. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

50. The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

51. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the

promises or affirmations of fact made on its packaging, container, or label, because it was marketed as if it was a premium rum, not a cordial or liqueur due to the amounts of added flavoring and sweetening added nor "rum with natural flavors," which was significantly less conspicuous and prominent than the embossed brand name of Bumbu Rum Co.,

52. The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because he expected it was a premium rum, not a cordial or liqueur due to the amounts of added flavoring and sweetening added nor "rum with natural flavors," which was significantly less conspicuous and prominent than the embossed brand name of Bumbu Rum Co., and he relied on Defendant's skill or judgment to select or furnish such a suitable product.

### Negligent Misrepresentation

53. Defendant had a duty to truthfully represent the Product, which it breached.

54. This duty was non-delegable, based on Defendant's position, holding itself out as having special knowledge and experience in this area, the seller of a rum made in the same manner as sailors of centuries past.

55. The representations and omissions took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant, a widely recognized and iconic brand.

56. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchase of the Product.

### Fraud

57. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it was a premium rum, not a cordial or liqueur due to the amounts of added flavoring and sweetening added nor "rum with natural flavors," which was significantly less conspicuous and

prominent than the embossed brand name of Bumbu Rum Co.,

58. Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations.

Unjust Enrichment

59. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

 **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Awarding monetary, statutory and/or punitive damages and interest;

3. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

4. Other and further relief as the Court deems just and proper.

Dated:   March 18, 2023

Respectfully submitted,

/s/ Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com